# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**DANNY JOE COBB,**           )
                              )
        Petitioner,     )
                              )
v.                            )    **Case No. CIV 12-488-RAW-KEW**
                              )
**JOE ALLBAUGH,**             )
**DOC Interim Director,**     )
                              )
        Respondent.     )

## **REPORT & RECOMMENDATION**

This matter is before the Magistrate Judge on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Okmulgee County District Court Case No. CF-2009-024 for Manufacturing a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies. He sets forth two grounds for relief:

> I. The OCCA's conclusions concerning Mr. Cobb's claim of abuse of discretion by the trial court are unreasonable in light of the facts and trial record of this case. Furthermore, given the small window of time allowed by the trial court for the defense to prepare against the surprise material witness, Mr. Cobb's constitutional rights to due process and a fair trial and effective assistance of trial counsel were violated, and his convictions and sentence should have been reversed.
>
> II. Plain error occurred when the prosecutor informed the jury that Mr. Cobb had received a suspended sentence on a previous felony conviction.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the

court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

    C.    Summary Opinion affirming petitioner's Judgment and Sentence. *Cobb v. State*, No. F-2010-381 (Okla. Crim. App. Apr. 4, 2011).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

Okmulgee County Deputy Mike Snyder was on patrol in Okmulgee on January 31, 2009, when he tried to pull over a car for speeding. (Tr. I 108-10). Instead of pulling over on the street, the car went into Petitioner's driveway before stopping. (Tr. I 109-10). The driver told Officer Snyder that he was there to pick up Petitioner, who is his uncle, and to take him to a casino. (Tr. I 109-11). Snyder contacted Sgt. Dawson and asked him to come to the location to try to confirm the driver's story. (Tr. I 112, 123).

When Sgt. Dawson arrived at Petitioner's house a few minutes later, Deputy Snyder asked him to make contact with the residents to confirm the driver's statement that he was there to pick up his uncle. (Tr. I 112). Sgt. Dawson knocked on the door, but no one

2

answered. (Tr. 113, 124). He returned to Deputy Snyder and told him that no one had come to the door, and he had smelled a strong smell associated with a methamphetamine lab coming from the house. (Tr. I 113, 124-25).

The two officers returned to the house, knocked, and announced "Sheriff's Office" with no response. (Tr. I 114, 125). Because of the strong odor of a meth lab inside the house and the risk of explosion and fire, Sgt. Dawson said to kick in the front door, which Deputy Snyder did, and they went into the house. (Tr. I 1 14-15, 125).

When the officers entered the house, the odor was stronger. (Tr. I 126). Petitioner and Melissa Mustin came out of the bedroom and were detained, taken outside, and placed in the officers' cars. (Tr. I 115-16, 126-27). Dawson returned to the house to search for more occupants, but no one else was there. (Tr. I 116, 127). While inside, Dawson observed glassware and a two-layer liquid in the bedroom where petitioner had been, which Dawson recognized as associated with the manufacture of methamphetamine. (Tr. I 129). Dawson then contacted an investigator with the District Attorney's Office to obtain a search warrant. (Tr. I 116, 129). After the search warrant was issued, Dawson assisted in serving it. (Tr. I 130). Petitioner and Ms. Mustin were transported to the jail. (Tr. I 116).

Melissa Mustin testified she was familiar with the process of manufacturing methamphetamine. (Tr. I 91). On the day she was arrested, Petitioner had come in with bowls of iodine tincture that is used to make crystals. (Tr. I 91). On that day she also saw Petitioner "gassing" the meth cook in the bedroom, which is a process that turns the product into a powder. (Tr. I 92). Petitioner told her he was "gassing off" and to cover her head because of the fumes. (Tr. I 92, 94). She heard loud knocking on the door, and Petitioner told her to be quiet, because it could be the police. (Tr. I 95-96). The door then was kicked

3

in. (Tr. I 95).

The officers left the residence, secured it, and obtained a search warrant based on their observations inside the house. (Tr. I 129-30, 142). Items used in a meth lab were seized from the house, including glass jars, an HCl generator, white residue, and a three-layer liquid. (Tr. I 144-48; State's Exhibit 2). Samples of the seized items were sent to the OSBI lab for analysis, and several tested positive for methamphetamine and pseudoephedrine, a precursor used to manufacture methamphetamine. (Tr. I 156, Tr. II 57-58, State's Exhibit 36).

**Ground I: Motion for Continuance**

Petitioner alleges it was an abuse of discretion for the trial court to deny defense counsel's request for a continuance, when on the day of trial, the State announced its intention to call co-defendant Melissa Mustin. The Oklahoma Court of Criminal Appeals found no merit in this claim:

> . . . [A] motion for continuance is addressed to the sound discretion of the trial court and a ruling will not be reversed on appeal unless an abuse of discretion is apparent. *Waterdown v. State*, 798 P.2d 635, 636 (Okla. Crim. App. 1990). When considering the overruling of a motion for a continuance, we will examine the entire record to ascertain whether or not the appellant suffered any prejudice by the denial. *Id. See also Ochoa v. State*, 963 P.2d 583, 595; *Bryson v. State*, 876 P.2d 240, 254 (Okla. Crim. App. 1994).
>
> A co-defendant may or [sic] decide to testify on behalf of the State at any time and a defendant is deemed to be on notice of that fact. *Wampler v. State*, 553 P.2d 198, 202 (Okla. Crim. App. 1976); *Rider v. State*, 494 P.2d 347, 351 (Okla. Crim. App. 1972); *Paschall v. State*, 252 P.2d 175, 201-202 (Okla. Crim. App. 1952). *See also* Okla. Stat. tit. 22, § 839. A review of the record in this case shows no surprise or prejudice to the defense by co-defendant Mustin testifying at trial; nor has there been any showing that the results of the trial would have been different had the defense been given additional time to prepare. Therefore, we conclude the trial court did not abuse its discretion in denying the motion for a continuance.

*Cobb*, No. F-2010-381, slip op. at 2.

The respondent alleges this claim is a matter of state law that is not subject to federal habeas review. *See Ferguson v. Davies*, No. 91-3051, 1991 WL 159849, at *4 (10th Cir. Aug. 19, 1991) (holding that the issue of a continuance based on the late endorsement of a witness is a matter of state law). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (citing *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959)).

It is well settled under Oklahoma law that a motion for continuance is within the discretion of the trial court. *See Ochoa*, 963 P.2d at 595. The record shows the trial court granted a two-hour recess for Petitioner to interview Ms. Mustin. (Tr. I 73, 88). Trial counsel interviewed her during that time, but claimed he needed additional time to investigate her testimony and her criminal record. (Tr. I 72). The transcript, however, indicates Ms. Mustin's criminal record, as well as the benefit of the plea bargain for her testimony, were revealed to the jury during defense counsel's cross-examination. (Tr. I 98, 101-02). Trial counsel also cross-examined her about her use of methamphetamine and her familiarity with the process of the manufacture of methamphetamine. (Tr. I 102-05). Furthermore, the evidence of Petitioner's guilt was strong, even without Ms. Mustin's testimony, because the meth lab was found by the police in Petitioner's house with Petitioner present. (Tr. I 111, 125-29).

After careful review, the court finds petitioner has failed to identify a clearly established rule of federal law that was violated by the late endorsement of Ms. Mustin as a witness and the trial court's denial of a continuance. The court further finds petitioner has not shown he was prejudiced by the denial of his motion for a continuance. *See Mayes v. Gibson*, 210 F.3d 1284, 1292 (10th Cir. 2000) (finding that the late endorsement of witnesses did not justify habeas relief when defense counsel conducted adequate cross-examination of the witnesses and had a meaningful opportunity to explain the evidence they offered). This ground for habeas relief fails.

**Ground II: Sentencing**

Petitioner claims in Ground II that it was error for the prosecutor to inform the jury at the beginning of the sentencing stage of trial that his sentence in a prior felony conviction had been suspended. He maintains the prejudice was proven by his 70-year sentence. The OCCA denied relief on direct appeal:

> . . . [A]ny error in the prosecutor informing the jury at the beginning of second stage that Appellant's sentence in a prior conviction was suspended and later revoked was harmless beyond a reasonable doubt as the record indicates the jury's sentencing decision was based upon the facts of the case before it and not any prior criminal acts, evidence of Appellant's guilt was uncontroverted, evidence of his guilt was strong, and the sufficiency of such was not challenged. *See Eizember v. State*, 164 P.3d 208, 234 (Okla. Crim. App. 2007). *See also Hunter v. State*, 208 P.3d 931(Okla. Crim. App. 2009). Therefore, Appellant's request for modification is denied.

*Cobb*, No. F-2010-381, slip op. at 3.

Challenges to a state trial court's sentencing decision "are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (citing *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987)), *cert. denied*, 534 U.S. 887

(2001)). "Generally, our review of a sentence ends once we determine the sentence is within the limitation set by statute." *Dennis*, 222 F.3d at 1258 (citing *Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988)).

Petitioner's 70-year sentence was within the statutory range of permissible punishment of 21 years to life. (O.R. 58). In addition, he has not shown that the admission of the unredacted Judgments and Sentences showing one of his prior convictions was suspended prejudiced him. *See Stewart v. Parker*, No. 07-CV-195-TCK-TLW, 2010 WL 3258439, at *5 (N. D. Okla. Aug. 17, 2010) (unpublished) (holding that admission of unredacted Judgements and Sentences showing some sentences were suspended or involved supervised probation did not render the petitioner's trial fundamentally unfair). Furthermore, the court finds the OCCA's determination of this claim was consistent with federal law, pursuant to 28 U.S.C. § 2254(d).

**Certificate of Appealability**

Finally, the court finds petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed and that petitioner be denied a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 26th day of January 2016.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**